UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIE LEE JAMES, JR.,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METRO POLICE DEPT., et al.,<br><br>Defendant. | Case No. 2:19-CV-01380-KJD-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  Application for Leave to Proceed *in forma pauperis* (ECF No. 4), Request for Copy of Papers (ECF No. 6) and Motion for Appointment of Counsel (ECF No. 7) |

Presently before the Court is Plaintiff Willie Lee James, Jr.'s Application to Proceed *In Forma Pauperis* (ECF No. 4) filed on September 12, 2019. Also before the Court is Plaintiff's Civil Rights Complaint (ECF No.1-1), and Plaintiff's Requests for Appointment of Counsel and for a Copy of Papers in Proceedings (ECF Nos. 6 and 7).

**I.**     ***In Forma Pauperis*** **Application**

Plaintiff has submitted the declaration and information required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them.  Therefore, Plaintiff's *in forma pauperis* application is GRANTED.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112

(9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. Review of Plaintiff's Complaint

Plaintiff filed his Complaint with a caption identifying the State of Nevada as a defendant. Plaintiff's Complaint also shows that he identifies the Eighth Judicial District Court, the Clark County District Attorney's Office, the Clark County Public Defender's Office, Public Defender Patricia Doyle, and attorneys Jess Marchese, Adrian Lobo, and Anthony M. Goldstein (court appointed criminal defense lawyers) as defendants. Generally, Plaintiff claims that his constitutional rights were violated by virtue of poor representation by a series of counsel who are alleged to have withheld discovery from him, made false statements in an effort to keep Plaintiff in jail, and colluded with the District Attorney and each other all to Plaintiff's detriment. Plaintiff further claims that two state court judges have deprived him of a defense, and that the Eighth Judicial District Court, the District Attorney's Office, and the Public Defender's Office have all engaged in conduct that violates his constitutional rights. ECF No. 1-1.

Count I of Plaintiff's Complaint alleges First, Eighth, and Fourteenth Amendment violation against the Eighth Judicial District Court, Judge Zimmerman, Judge Israel, Public Defender Patricia Doyle, and court-appointed counsel Jess Marchese.  Plaintiff claims that Judge Zimmerman did not advise Plaintiff of his rights, that she, and the state court generally, allowed the public defender to violate Plaintiff's rights by, among other things, rescheduling a preliminary hearing when witnesses were available, relaying plea deals, denying Plaintiff tape recordings of conversations that occurred in the hallway outside of the courtroom, and refusing to answer his questions.  Plaintiff also claims that Judge Israel appointed a new attorney who was friends with Plaintiff's prior attorney, refused to dismiss Plaintiff's new counsel because of his friendship with Plaintiff's prior counsel, and refused to give him records from a prior hearing that would show collusion.  Plaintiff further complains that new counsel, Jess Marchese, refused to file a *Brady* motion and sent an associate to a hearing who asked that Plaintiff receive a competency evaluation.  Plaintiff apparently received a competency hearing, which he "passed" and then asked for appointment of yet another new counsel that was refused by Judge Israel who is then alleged to have "coerced" Plaintiff into self representation with backup counsel.  Plaintiff also states that the law library was sending him false information. ECF No. 1-1 at 7-16.

In Count II Plaintiff alleges that his Fourteenth Amendment rights were violated by the District Attorney's Office, which failed to properly train the Assistant DA not to perjure himself. Count III alleges Fourteenth Amendment claims against the Public Defender's Office for failing to train the Assistant Public Defender who allegedly failed to represent Plaintiff and protect his rights. Count IV alleges Fourteenth Amendment violations and malpractice by Plaintiff's counsel Adrian Lobo who Plaintiff accuses of lying, hiding discovery, and allowing the victim to testify at a hearing while intoxicated.  Count V includes additional allegations against Jess Marchese.  These allegations are difficult to understand, but it is clear that Plaintiff does not believe Mr. Marchese was properly representing him.  Count VI makes allegations against court appointed counsel Anthony Goldstein in which Plaintiff again alleges that his attorney was lying to him and to the court.

A. <u>Plaintiff's Claims Against the State of Nevada</u>

Although Plaintiff does not mention the State of Nevada expressly in any count, he does name the State as a defendant in the caption of his Complaint. As such, out of an abundance of caution, the Court addresses the State of Nevada as a defendant.

Plaintiff can raise no 42 U.S.C. § 1983 claims against the State of Nevada as Eleventh Amendment sovereign immunity bars such actions. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of Section); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

Because the law is clear, and the State of Nevada is immune from a Section 1983 suit, the Court recommends dismissal with prejudice of any and all claims asserted by Plaintiff against the State.

B. <u>Plaintiff's Claims Against the Eighth Judicial District Court, Judges Israel and Zimmerman, and Public Defender Patricia Doyle</u>

The Eighth Judicial District Court, and all state courts in Nevada, are arms of the State. "Nevada has eleven judicial districts making up the state's general jurisdiction courts. These district courts serve Nevada's 17 counties. The 11 Judicial Districts are served by 82 District Court judges who serve their elected counties but have jurisdiction to serve in any district court in the state." Moreover, "the court serves as the trial court for Nevada and is part of the judicial branch of state government as set forth by the Nevada Constitution." http://www.clarkcountycourts.us/general/.

As an arm of the State of Nevada, the Eighth Judicial District Court is immune from suit under 42 U.S.C. § 1983. *Foley v. Graham*, 2:16–cv–1871–JAD–VCF, 2016 WL 11185427, at *3 (D. Nev. September 13, 2016). For this reason, the Court recommends dismissal with prejudice of all claims alleged against the Eighth Judicial District Court.

4

The Ninth Circuit is clear that "[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir.1988) (per curiam). In fact, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner,* 474 U.S. 193 (1985) (quoting *Bradley,* 80 U.S. 335 (13 Wall.) at 347(1872)). However, immunity does not extend to actions for prospective injunctive relief. *Pulliam v. Allen,* 466 U.S. 522, 541-42 (1984).[1]

Further, the immunity afforded judges is not absolute. A judge lacks immunity where he acts in the "clear absence of all jurisdiction," *Bradley,* 80 U.S. 335, 351, or performs an act that is not "judicial" in nature. *Stump v. Sparkman,* 435 U.S. 349, 360 (1978). The factors relevant when determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362.

All allegations made by Plaintiff regarding Judges Israel and Zimmerman clearly pertain to acts performed by the judges arising from Plaintiff's criminal case and were functions normally performed by judges in such action.[2] These acts included, but were not limited to, ruling on motions, setting dates, controlling the courtroom, and interacting with the parties appearing before them. For this reason, Plaintiff's claims against Judges Israel and Zimmerman are immune from suit.

Criminal defense attorneys, including public defenders, are considered private parties who did not act under color of state law. *Polk County v. Dodson,* 454 U.S. 312, 317–18 (1981); *West v. Atkins,* 487 U.S. 42 (1988) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of Section 1983 because he/she is not acting on behalf of the state, but as the state's adversary). At all times during the actions

---

[1] Plaintiff's "request for relief" includes that Judge Zimmerman be "barred from law." ECF No. 1-1 at 9. At present, Plaintiff asserts no claim against Judge Zimmerman. Therefore, it is unnecessary for the Court to reach the issue of whether this request is an appropriate request for prospective injunctive relief.

[2] To the extent that in the 10 pages that comprise Plaintiff's Count I, Plaintiff attempts to assert claims against Judges Israel and Zimmerman arising from supposed misconduct or conspiracy, these claims fail. It is abundantly clear that when Plaintiff's Count I is read in its entirety, the Judges' conduct was at all times directly related to the criminal case against Plaintiff and did not fall outside those judicial act to which immunity attaches. *See* ECF No. 1-1 at 4:4-4I.

described by Plaintiff, Ms. Doyle, a public defender, was acting as Plaintiff's criminal public defense lawyer. Thus, the Court recommends dismissal with prejudice of Plaintiff's claims alleging constitutional violations suffered as the result of Ms. Doyle's representation of Plaintiff in his underlying criminal case.

Based on the foregoing, the Court recommends all claims against the Eighth Judicial District Court and Patricia Doyle be dismissed with prejudice because amendment would be futile. The Court will order that Plaintiff's claims against Judges Israel and Zimmerman be dismissed without prejudice because while the current allegations fail to state a claim, it is not true that there are no facts Plaintiff could assert that would state a claim upon which relief may be granted.

C.     Plaintiff's Claims Against the District Attorney's Office

County district attorney's offices are not "persons" available to be sued under 42 U.S.C. § 1983. *Morris v. State Bar of California,* No. CV F 09–0026, 2010 WL 4977677 at *2 (December 2, 2010) ("The Complaint alleges claims against the Fresno County District Attorney's office, as well as the County of Fresno. The County of Fresno is the proper party because it is the governmental entity considered a "person" under § 1983. The Fresno County District Attorney's office is a "sub-unit" of the County of Fresno and is not a person under § 1983. Therefore, judgment is granted to the Fresno County District Attorney's office.") (citing *Hervey v. Estes,* 65 F.3d 784, 791 (9th Cir.1995) (holding that umbrella organization composed of various city and county offices was not a separately suable entity)); *Kekaula v. Luera,* No. 1:08-cv-00282, 2008 WL 4821766, at *4 (E.D.Cal.2008) (finding Bakersfield District Attorney's Office was not a "person" under Section 1983); *Pobursky v. Madera County,* No. 1:07-cv-0611, 2007 WL 2023529, at *6 (finding that Madera County District Attorney's Office was sub-division or department within Defendant Madera County and not separately subject to suit).

All of Plaintiff's claims in Count II of his Complaint are asserted under Section 1983, and all are asserted against the Clark County District Attorney's Office. Based on the law quoted immediately above, Plaintiff's claims against the Clark County District Attorney's Office fail as a matter of law. Therefore, the Court recommends Plaintiff's claims against the Clark County District Attorney's Office be dismissed with prejudice.

D.   Plaintiff's Claims against Messrs. Marchese, Lobo, and Goldstein

If Plaintiff wishes to state a constitutional claim against his counsel, he must plead whether these individuals are public defenders or privately retained, and how each can be held liable under Section 1983. Here, Plaintiff fails to meet this standard. Nevertheless, if these attorneys are an arm of the Public Defender's Office, and thus a government agency, they are not persons capable of being sued under Section 1983. *See* above. If Messrs. Marchese, Lobo, and Goldstein are private defense attorney, they "cannot be construed as a person acting under the 'color of state law' within the meaning of § 1983." *Jackson V. City of Erie Police Dep't*, 570 Fed.Appx. 112, 113 (3d Cir. 2014) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 317–25 (1981). Thus, the Court recommends dismissal with prejudice of Plaintiff's Section 1983 claims against attorneys Marchese, Lobo, and Goldstein.

To the extent Plaintiff asserts a constitutionally-based claim of malpractice against his court appointed counsel, the Court finds Plaintiff fails to state a claim. *United States ex rel. Simmons v. Zibilich,* 542 F.2d 259, 261 (5th Cir.1976) (alleged malpractice-type actions or omissions by a court-appointed volunteer attorney in relation to a criminal trial were not under color of state law and thus could not serve as a basis for a section 1983 action against the attorney). To the extent Plaintiff seeks to assert a state law claim of malpractice, and to the extent his claim is understandable, Plaintiff fails to allege any facts that support such a claim. ECF No. 1-1 at Count IV. *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Further, given that Plaintiff's malpractice claim arises under state law, and no federal claim has been asserted, the Court recommends declining supplemental jurisdiction over this potential claim. *See* 28 U.S.C. § 1367(a); *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

7

Thus, the Court recommends dismissal of Plaintiff's Section 1983-based claim with prejudice and Plaintiff's malpractice claim without prejudice.

### IV. Plaintiff's Request for Papers and Counsel

Plaintiff's request for papers in this proceeding is denied because there are none other than those he has filed. To the extent Plaintiff seeks papers from his state court proceedings, that claim must be brought pursuant to 28 U.S.C. § 2241 as the Court believes Plaintiff is still pre-trial. If Plaintiff is now convicted, a petition under 28 U.S.C. § 2254 is Plaintiff's proper potential source of relief.

The Court also finds that Plaintiff's request for counsel is denied. As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983). A review of Plaintiff's Complaint shows that Plaintiff fails to state any viable claims under Section 1983 or any other theory of law and thus there is no basis to consider appointment of counsel at this time.

### IV. ORDER

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

1  IT IS FURTHER ORDERED that Count I of Plaintiff's Complaint asserting claims against Judges Israel and Zimmerman be dismissed without prejudice. Although the allegations made by Plaintiff do not state a claim, it is not impossible for Plaintiff to state a claim against state court judges if Plaintiff is able to allege, in good faith, and with clear and simply stated facts, that such judges acted in a manner that is outside their jurisdiction or clearly outside the functions normally performed by a judge.

IT IS FURTHER ORDERED that Plaintiff's Count IV, alleging malpractice against attorney Lobo, is dismissed without prejudice with leave to amend.

IT IS FURTHER ORDERED that Plaintiff shall have 30 days from the date of this Order to file an amended complaint. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this Order will result in the recommended dismissal of this case.**

IT IS FURTHER ORDERED that Plaintiff's Motion seeking production of papers (ECF No. 6) is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion seeking appointment of counsel (ECF No. 7) is denied without prejudice.

## V.  REPORT AND RECOMMENDATION

IT IS RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice as to:

- Count I alleging claims against Eighth Judicial District Court and Public Defender Patricia Doyle;
- Count II alleging claims against the Clark County District Attorney's Office;

- Count III alleging claims against the Public Defender's Office and Patricia Doyle;
- Count IV alleging Section 1983 claims against attorney Adrian Lobo;
- Count V alleging Section 1983 claims against attorney Jess Marchese; and,
- Count VI alleging Section 1983 claims against attorney Anthony Goldstein.

DATED THIS 20th day of November, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).